# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THOMAS MORRISON,**

    **Plaintiff,**

-v-                                                Case No.: 2:19-cv-517
                                                        JUDGE GEORGE C. SMITH
                                                        Magistrate Judge Deavers

**HOME DEPOT,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants Citibank, N.A. and Home Depot U.S.A., Inc.'s Motion to Compel Arbitration and Stay (Doc. 27). Plaintiff has responded in Opposition (Doc. 28) and Defendants have replied (Doc. 29). This Motion is fully briefed and ripe for review. For the reasons that follow, Defendants' Motion to Compel Arbitration and Stay is **GRANTED.**

### I.    BACKGROUND

Plaintiff Thomas Morrison, proceeding *pro se*, initiated this Complaint against Defendants Home Depot U.S.A., Inc., Trans Union LLC, Experian Credit Bureau, Equifax Information Services, LLC, and CBNA/Citibank.[1]

Plaintiff opened a Home Depot-branded credit card account ending in 7305 (hereinafter the "Account"), issued by Citibank to Plaintiff on or about November 3, 2016. (*See* Doc. 27-1, Declaration of Andrew Grayot ("Grayot Decl.") ¶ 4). There is no dispute that Plaintiff opened the

---

[1] Plaintiff and Defendant Trans Union LLC have settled all claims between them and a dismissal entry is expected.

Account, as Plaintiff specifically alleges in the Complaint that he "entered into a Contract with Home Depot/CBNA for use of a credit card." (Doc. 1, Compl. ¶¶ 16–17).

Plaintiff claims that sometime after opening the Account, he submitted a payment in the amount of $1,097.91 that was never credited to the Account. (*Id*. at ¶¶ 16–19). Plaintiff alleges that he nevertheless continued to receive statements indicating both that $1,097.91 remained due and owing, and that interest and fees accrued on this amount. (*Id*. at ¶ 19). Plaintiff claims that as a result of the conduct relating to his Account, his "credit score" has been damaged and his ability to obtain credit impacted. (*Id*. at ¶ 85). Based on these allegations, and others, Plaintiff asserts claims against Citibank and Home Depot for violation of the Fair Credit Reporting Act ("FCRA"), common law defamation, and breach of contract. (*Id*. at ¶¶ 29–32, 39–47).

When Plaintiff opened the Account with Citibank/Home Depot, he received and agreed to the Card Agreement. (Doc. 27-1, Grayot Decl. ¶¶ 4–7). The Card Agreement contains an arbitration agreement. (Doc. 27-1, Grayot Decl., Ex. 1, p. 16–18). The Arbitration Agreement states, in pertinent part, that either party may elect mandatory binding arbitration as follows:

**ARBITRATION**
**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION PROVIDES THAT DISPUTES MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, HAVE A JURY TRIAL OR INITIATE OR PARTICIPATE IN A CLASS ACTION. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN IN COURT. THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT (FAA), AND SHALL BE INTERPRETED IN THE BROADEST WAY THE LAW WILL ALLOW.**

**Covered claims**
- You or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account or our relationship (called "Claims").

- **If arbitration is chosen by any party, neither you nor we will have the**

> **right to litigate that Claim in court or have a Jury trial on that Claim.**
>
> Except as stated below, all Claims are subject to arbitration, no matter what legal theory they're based on or what remedy (damages or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; Claims made regarding past, present, or future conduct; and Claims made independently or with other claims. This also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a clam through us or you, such as a co-applicant, authorized user, employee, agent, representative or an affiliated/parent/subsidiary company.…
>
> \* \* \*
>
> **How arbitration works**
> - Arbitration shall be conducted by the American Arbitration Association ("AAA") according to this arbitration provision and the applicable AAA arbitration rules and procedures in effect when the claim is filed ("AAA Rules").
>
> \* \* \*
>
> **Paying for arbitration fees**
> - We will pay your share of the arbitration fee for Claims of $75,000 or less if they are unrelated to debt collection. Otherwise, arbitration fees will be allocated according to the AAA Rules. If we prevail, we may not recover our arbitration fees, unless the arbitrator decides your Claim was frivolous. All parties are responsible for their own attorney's fees, expert fees and any other expenses, unless the arbitrator awards such fees or expenses to you or us based on applicable law.

(Doc. 27-1, Grayot Decl., Ex. 1).

The Arbitration Agreement expressly states that it covers "[c]laims made by or against anyone connected with [Citibank] or you or claiming through us or you, or by someone making a clam through us or you, such as a co-applicant, authorized user, employee, agent, representative or an affiliated/parent/subsidiary company . . . ." Defendants CitiBank and Home Depot seek to compel arbitration of the claims asserted by Plaintiff regarding alleged failures to credit amounts paid to, and inaccurate credit reporting of, Plaintiff's Home Depot-branded credit card account issued by Citibank.

3

## II. STANDARD OF REVIEW

Defendants move to compel arbitration and to stay all claims against them pending arbitration. Under the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), a written agreement to arbitrate disputes arising out of a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a party who signed an arbitration contract fails or refuses to arbitrate, the aggrieved party may petition the court for an order directing the parties to proceed in arbitration in accordance with the terms of the agreement. 9 U.S.C. § 4. The Court must then "determine whether the parties agreed to arbitrate the dispute at issue." *Ackison Surveying, LLC v. Focus Fiber Sols., LLC*, No. 2:15-CV-2044, 2016 WL 4208145, at *1 (S.D. Ohio Aug. 10, 2016) (Marbley, J.) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Id.*; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)*; see also Nestle Waters North America, Inc. v. Bollman*, 505 F.3d 498, 503 (6th Cir. 2007) ("[W]e examine arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration."). However, "[w]hile ambiguities . . . should be resolved in favor of arbitration, we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) (internal citation omitted).

In evaluating motions to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn

therefrom in light most favorable to the non-moving party." *Jones v. U-Haul Co. of Mass. & Ohio Inc.*, 16 F. Supp. 3d 922, 930 (S.D. Ohio 2014) (Graham, J.). The Court has four tasks:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714.

The requirements set forth in the FAA were "designed to override judicial reluctance to enforce arbitration provisions, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation." *Id*. "When an agreement to arbitrate encompasses claims asserted in court, dismissal is appropriate under Fed. Rule Civ. P. 12(b)(1) for lack of subject matter jurisdiction . . . ." *Deck v. Miami Jacobs Bus. College Co.*, No. 3:12-cv-63, 2013 U.S. Dist. LEXIS 14845, at *7 (S.D. Ohio Jan. 31, 2013) (Black, J).

## II. DISCUSSION

Defendants Citibank and Home Depot have moved to compel arbitration and stay all claims asserted against them by Plaintiff. Defendants assert that Plaintiff's claims are subject to the arbitration provision set forth in the written terms and conditions governing the Account (the "Card Agreement"). Plaintiff, however, argues the Motion to Compel Arbitration was untimely, that he is entitled to a jury trial, and the arbitration provision is unconscionable.

The Court will therefore consider the application and enforceability of the arbitration provision in the Card Agreement, and then determine if any of Plaintiff's defenses are applicable.

### A. Enforceability of the Arbitration Provision

"Arbitration is simply a matter of contract between parties; it is a way to resolve disputes— but only those disputes—that the parties have agreed to submit to arbitration." *First Options of*

*Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *see also AT&T Tech., Inc. v. Comm. Workers of Am.*, 475 U.S. 643, 648–49 (1986).

In the case at bar, there is no dispute that Plaintiff opened the Account. He alleges in the Complaint that he "entered into a Contract with Home Depot/CBNA for use of a credit card." (Doc. 1, Compl. ¶¶ 16–17). Plaintiff received the Card Agreement when he opened the Account. The arbitration language of the Card Agreement broadly encompasses "any claim, dispute, or controversy" between Plaintiff and Citibank "arising out of or related to your [Plaintiff's] account, a previous related account or our relationship." (Doc. 27-1, Card Agreement at 16). Moreover, the arbitration provision expressly covers any claim against companies "connected with" Citibank, such as the claims asserted against Home Depot in this lawsuit. (*Id.*).

The Card Agreement is expressly governed by South Dakota law. Pursuant to South Dakota law, Plaintiff's use of the Account constitutes his acceptance of the terms of the Card Agreement, including the arbitration provision. *See* S.D. Codified Laws § 54-11-9 ("use of an accepted credit card or the issuance of a credit card agreement and the expiration of thirty days from the date of issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer . . . ."); *McCormick v. Citibank, NA*, No. 15-CV-46-JTC, 2016 U.S. Dist. LEXIS 11811, at *4–6 (W.D.N.Y. Jan. 8, 2016) (use of account constitutes assent under South Dakota law to Arbitration Agreement in Citibank Card Agreement); *see also Cayanan v. Citi Holdings, Inc.*, 928 F. Supp. 2d 1182, 1199 (S.D. Cal. 2013) (holding that under South Dakota law "continued use of a credit [card] account" constitutes assent to arbitration).

Where the parties have entered into a binding arbitration agreement, as in the instant case, there is a presumption that any dispute between them is arbitrable. *Moses H. Cone Mem'l Hosp.*,

460 U.S. at 24–25. Therefore, an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

Therefore, pursuant to the Card Agreement, Plaintiff and Defendant Citibank agreed to arbitrate all claims at issued in this case. All of Plaintiff's claims arise out of, or are based upon, his Home Depot/Citibank credit card account, including the alleged inaccurate reporting of the Account to the credit reporting agencies. Additionally, this arbitration provision extends to Defendant Home Depot as it specifically includes "claims made by or against anyone connection with us or you." (*Id.*).[2] The arbitration provision of the Card Agreement must therefore be enforced pursuant to the FAA. The United States Supreme Court has made absolutely clear that arbitration agreements governed by the FAA must be enforced as written. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011).

**B.     Plaintiff's Defenses**

Plaintiff first argues that Defendants' Motion to Compel Arbitration was not timely. In this Court's May 21, 2019 Scheduling Order, the Court set July 21, 2019, as the deadline to file a motion to compel arbitration. However, July 21, 2019, was a Sunday, therefore, the Motion filed on Monday, July 22, 2019 is deemed timely filed.

---

[2] It is established law in the Sixth Circuit that "nonsignatories may be bound to arbitration agreements under ordinary contract and agency principles." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003) (citing *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1281 (6th Cir. 1990)).

Next, Plaintiff argues that he has right to a trial by jury pursuant to Article 7 of the United States Constitution. However, the Sixth Circuit has clearly found that "ordinary contract principles in determining whether a binding arbitration agreement that include[s] a waiver of a right to sue in court [is] valid." *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 973–74 (6th Cir. 2007) (internal quotation marks omitted).

Finally, Plaintiff asserts several arguments in support of his claim that the arbitration provision of the Card Agreement is unconscionable. Under South Dakota law, Plaintiff must establish that the arbitration provision is both procedurally and substantively unconscionable to invalidate the agreement. *See Nygaard v. Sioux Valley Hosp. & Health Sys.*, 2007 SD 34, ¶¶ 21–30, 731 N.W.2d 184, 194–95.

With respect to Plaintiff to procedural unconscionability, Plaintiff has failed to provide any facts or evidence to establish that he was somehow coerced into accepting the Card Agreement and its arbitration provision. An arbitration agreement is not "procedurally" unconscionable when, as here, Plaintiff had the opportunity to reject the arbitration agreement and refused. *See Legair v. Circuit City Stores, Inc.*, 213 F. App'x 436, 439 (6th Cir. 2007) (finding no unconscionability because an arbitration agreement is not adhesive if there is an opportunity to opt out of it). Here, Plaintiff had the opportunity to opt out of the arbitration provision of the Card Agreement, but instead used the Account. Consequently, there can be no "procedural" unconscionability as a matter of law.

Nor has Plaintiff demonstrated that the Arbitration Agreement is "substantively" unconscionable. In determining whether a contract is substantively unconscionable, courts focus on "overly harsh or one-sided terms," *Nygaard*, 2007 SD 34, ¶¶ 21–30, 731 N.W.2d at 194–95, or whether "one party is left without a remedy for another party's breach." *Baldwin v. Nat'l College*,

537 N.W.2d 14, 17 (S.D. 1995). Generally, a contract is not substantively unconscionable under South Dakota law unless the "inequality of the bargain is such as to shock the conscience of the court that relief will be granted." *Tsiolis v. Hatterscheidt*, 187 N.W.2d 104, 106 (S.D. 1971).

Here, Plaintiff does not reference any provision in the arbitration provision that is so one-sided or oppressive that it could support a finding of substantive unconscionability. Plaintiff generally argues that arbitration is "cost-prohibitive," the provision in the Card Agreement is "small" in type, and, therefore, "substantively" unconscionable. (Doc. 28, Pl.'s Resp. ¶¶ 6–7, 12). The Court does not agree. The arbitration provision in the Card Agreement is actually in bold, capitalized, in larger text than all other terms of the agreement, and begins with "***PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY***." (Doc. 27-1, Card Agreement at 16). As for Plaintiff's cost-related concerns, Defendants assert that the arbitration provision that provides for payment of the "arbitration fee in cases involving claims up to $75,000 clearly negates Plaintiff's argument of violation of due process." (Doc. 29, Defs.' Reply at 6). Defendants continue that "any financial burden associated with the costs of arbitration in this case falls largely, if not entirely, on Citibank." (*Id*.). The crux of Plaintiff's claims, however, are that he does not owe any debt to Defendants. Any arbitration of this matter, therefore, would seem to be related to debt collection. However, Defendants clearly represent that the costs of arbitration would fall on Citibank, leaving this Court to conclude that arbitration is not cost-prohibitive or unconscionable.

Therefore, Plaintiff has failed to prove that the arbitration provision of the Card Agreement is unconscionable. Even if Plaintiff raised a valid claim here, the dispute over formation of the contract can be decided in arbitration. S*ee Phelps v. US Metals Grp.*, No. 1:09-cv-1039, 2009 U.S. Dist. LEXIS 125524, at *21 (N.D. Ohio Dec. 3, 2009) ("Alleged irregularities in the formation of the contract as a whole are an issue for the arbitrator to decide."); *Burden v. Check Into Cash of*

9

*Ky., LLC*, 267 F.3d 483, 492 (6th Cir. 2001) (challenge to the enforceability of a contract as a whole based on contract formation argument is an issue for the arbitrator); *Manuel v. Honda R&D Americas, Inc.*, 175 F. Supp. 2d 987, 990 (S.D. Ohio 2001) (Rice, J.) (allegation of unconscionability, coercion, enforceability of contract as a whole are for the arbitrator).

Accordingly, all of Plaintiff's claims against Defendants Citibank and Home Depot must be resolved through arbitration.

**C.     Dismiss Plaintiff's Complaint or Stay Pending Arbitration**

Upon finding that Plaintiff's claims in this case are subject to the arbitration provision contained in the Card Agreement, the Court must determine whether Plaintiff's Complaint should be dismissed or the case should be stayed pending arbitration. The FAA directs the Court to stay an action pending arbitration. Section 3 of the FAA expressly provides that, where a valid arbitration agreement requires a dispute to be submitted to binding arbitration, the district court shall stay the action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, the Court also has the ability to dismiss a case when all issues raised in the complaint are arbitrable. *See, e.g.*, *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) (concluding "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable") (citation omitted); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *Gassner v. Jay Wolfe Toyota*, No. 4:06-CV-1335 CAS, 2007 U.S. Dist. LEXIS 35453, at *3 (E.D. Mo. May 15, 2007) ("Where all issues in a case must be submitted to arbitration, it serves no purpose to retain jurisdiction and stay an action.").

In this case, Plaintiff has raised claims against other Defendants that remain pending in this case. Therefore, the Court will stay Plaintiff's claims against Defendants Citibank and Home Depot. Plaintiff may continue to pursue his claims against Defendants Experian and Equifax.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Compel Arbitration is **GRANTED** and the Motion to Stay as to Plaintiff's claims against Defendants Citibank and Home Depot is **GRANTED**.

The Clerk shall remove Document 27 from the Court's pending motions list. The parties shall notify the Court upon completion of the arbitration proceedings.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**